Darrell Wayne **REYNOLDS**,
Plaintiff–Appellant,

v.

Roderick **MESSER**; Tom Handy; Danny Evans; Jeff Weaver; Larry Lewis; Roger Schott; Joseph E. Lambert; Paul D. Gudgel; Robbie Dyche; John D. Miller; Daniel T. Guidugli; Rick A. Johnson; David C. Buckingham; Albert Ben Chandler, III, Defendants–Appellees.

No. 01–6526.

United States Court of Appeals,
Sixth Circuit.

Aug. 14, 2002.

Before: NELSON, BOGGS, and NORRIS, Circuit Judges.

*ORDER*

Darrell Wayne Reynolds appeals a district court judgment that dismissed without prejudice his petition for a writ of supervisory control filed under the All Writs Act, 28 U.S.C. § 1651. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Reynolds filed his "petition for writ of supervisory control and a protective order" in the district court, alleging that the defendants plaintiff named in state court litigation threatened him and burned his house. The district court dismissed the complaint without prejudice sua sponte for failure to state a claim upon which relief can be granted. Reynolds filed a timely notice of appeal. On appeal, Reynolds contends that: (1) this action improperly was transferred from the Lexington Division of the district court to the London Division; and (2) the district court improperly applied the Prison Litigation Reform Act, 28 U.S.C. § 1915A, to this case because he did not file suit under 42 U.S.C. § 1983.

Upon de novo review, *see Cooper v. Parrish,* 203 F.3d 937, 954 (6th Cir.2000); *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997), we will affirm the district court's judgment because plaintiff's claims on appeal lack merit. First, Reynolds's petition was properly transferred to the London Division of the district court. Although Reynolds mailed his petition to the Lexington Division for filing, LR 3.2(a) provides that a civil action be filed in the division in which a substantial part of the acts or omissions occurred that give rise to the claims asserted unless all defendants reside in a single other division, in which case action will be assigned to the division in which all defendants live. Here, plaintiff complains about events surrounding litigation filed in the Laurel Circuit Court, which is within the London Division of the district court, *see* LR 3.1(a)(5), and it appears all of the defendants do not reside within a single other division. It is also noted that venue was also proper within the district court. *See* 28 U.S.C. § 1391(b). Under these circumstances,

the petition was properly transferred to the London Division of the district court.

Further, the district court properly screened Reynolds's petition under 28 U.S.C. § 1915A. Under § 1915A, the district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, officer, or employee, before docketing if feasible, if the court concludes that the complaint fails to state a claim upon which relief may be granted. Here, the district court properly dismissed plaintiff's complaint.

The district court properly dismissed Reynolds's petition without prejudice based in part upon the *Younger* abstention doctrine. Essentially, Reynolds seeks federal intervention in pending state judicial proceedings, but Reynolds cited no basis for federal interference in his state court litigation. *See Kelm v. Hyatt,* 44 F.3d 415, 419–21 (6th Cir.1995). Otherwise, Reynolds's claims against the named defendants are conclusory and fail to state a cognizable claim. Under these circumstances, the district court properly dismissed Reynolds's petition without prejudice for failure to state a claim upon which relief can be granted.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.